UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE VAN HOOSE,<br><br>                                       Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br><br>                                       Defendant. | Case No.:  15CV782 BEN (PCL)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>[Docket Nos. 13, 14, 17] |

Plaintiff Denise Van Hoose filed this action seeking judicial review of the Social Security Commissioner's denial of her application for Supplemental Security Income and for Disability Insurance Benefits under the Social Security Act.  (Docket No. 1.)  Plaintiff and Defendant filed motions for summary judgment that were fully briefed. (Docket Nos. 13-16.)

Magistrate Judge Peter C. Lewis has issued a thoughtful and thorough Report and Recommendation recommending this Court grant in part Plaintiff's Motion for Summary Judgment and deny Defendant's Cross-Motion for Summary Judgment.  (Docket No. 17.) Specifically, the Report and Recommendation found the Administrative Law Judge ("ALJ") failed to consider a treating physician's opinion in determining Plaintiff's residual functional capacity ("RFC") and recommends remanding the case to the Social

Security Administration. Defendant filed Objections to the Report and Recommendation and Plaintiff has filed a Reply to those Objections. (Docket Nos. 18, 20.) For the reasons that follow, the Report and Recommendation is **ADOPTED**.

## BACKGROUND

The Report and Recommendation sufficiently details the administrative record in this case. The Court will not repeat it here, but notes relevant facts as warranted in the Court's analysis of Defendant's Objections.

## DISCUSSION

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "[T]he district judge must determine de novo any part of the [report and recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121.

Defendant objects that any error in the ALJ's RFC determination was harmless because the record as a whole supports the ALJ's RFC finding. The Court disagrees, overrules Defendant's Objections, and adopts the Report and Recommendation.

At Plaintiff's June 2013 hearing, a medical examiner, Dr. Allan Levine, provided an opinion the ALJ relied on in determining Plaintiff's RFC. Dr. Levine noted that he believed the opinion of Plaintiff's treating physician, Dr. Roper, concerning the results of Plaintiff's recent MRI of the thoracic spine were "somewhat critical." (Administrative Record ("AR") at 56.) Dr. Levine did not have two MRIs or Dr. Roper's opinion concerning them when he provided his opinion. (AR 56.) Throughout his testimony Dr.

1 | Levine consistently notes the need for Dr. Roper's opinion and specifically limits his
2 | opinion to the record without that information. (AR 65-68.) The ALJ, in directing
3 | Plaintiff to provide Dr. Roper's opinion as soon as possible after her appointment also
4 | noted, "[a]s you heard, the doctor says that could be significant one way or the other
5 | anyway." (AR 68.) The ALJ also indicated that opinion, when provided by Plaintiff,
6 | would be provided to Dr. Levine. (AR 69.)

7 | Plaintiff followed the ALJ's direction and submitted the results seven days later;
8 | two days after her appointment. However, Dr. Levine did not provide an amended
9 | opinion that considered Dr. Roper's opinion. The record does not reflect that Dr. Levine
10 | was provided Dr. Roper's opinion. And, critically, the ALJ did not address Dr. Roper's
11 | opinion in his decision. Dr. Roper, a treating physician, found Plaintiff had a herniated
12 | nucleus pulposis at T12-L1-2 and, in addition to diffuse weakness in all tested motor
13 | segments, Plaintiff appeared quite disabled, having great difficulty transferring from
14 | examination table to chair with labored and painful ambulation. (AR 2194.)

15 | Defendant acknowledges that the ALJ adopted Dr. Levine's opinion. (Def.'s
16 | Motion at 8.) Additionally, the ALJ states that he gave significant weight to Dr. Levine's
17 | opinion in determining Plaintiff's RFC. (AR 28.) However, the only opinion from Dr.
18 | Levine that the ALJ could have relied on or adopted in determining Plaintiff's RFC was
19 | the one that did not consider Dr. Roper's opinion. This is particularly problematic given
20 | that Dr. Levine himself repeatedly indicated his opinion was not complete without
21 | consideration of Dr. Roper's results. Additionally, the ALJ did not address Dr. Roper's
22 | findings.

23 | Defendant argues Dr. Levine's only interest in Dr. Roper's opinion was whether
24 | surgery was recommended and since Dr. Roper did not recommend surgery, his findings
25 | would not have changed Dr. Levine or the ALJ's determination of Plaintiff's RFC.
26 | However, Defendant is incorrectly imputing the ALJ's interest in whether more surgery
27 | was planned to Dr. Levine. The ALJ asked Plaintiff about whether surgery was planned

1  just before Dr. Levine began questioning Plaintiff.  But, Dr. Levine's comments refer
2  generally to needing Dr. Roper opinion.  (AR 56.)
3     The Court could not say on this record that the ALJ was relying on a complete
4  opinion from Dr. Levine because Dr. Levine himself expressed the need to consider Dr.
5  Roper's findings.  Even if Dr. Levine's opinion could be considered complete without
6  having considered Dr. Roper's findings, the ALJ still erred by not addressing Dr. Roper's
7  findings.  "Even if the treating doctor's opinion is contradicted by another doctor, the
8  ALJ may not reject this opinion without providing specific and legitimate reasons
9  supported by substantial evidence in the record."  *Orn v. Astrue*, 495 F.3d 625, 632 (9th
10 Cir. 2007).  "[A]n ALJ cannot avoid these requirements simply by not mentioning the
11 treating physician's opinion and making findings contrary to it."  *Lingenfelter v. Astrue*,
12 504 F.3d 1028, 1038 n.10 (9th Cir. 2007).  The ALJ relied on an incomplete opinion in
13 making the RFC determination and failed to address a treating physician's opinion.
14 Remand is required.

## CONCLUSION

16 The Report and Recommendation is **ADOPTED** and this matter is **REMANDED**
17 to the Social Security Administration.
18    **IT IS SO ORDERED.**

20 Dated:  June 6, 2016

                                                            Hon. Roger T. Benitez
                                                            United States District Judge